UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DUGGAN,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>   Defendants. | Case No.: 19-CV-1703-JM-WVG<br><br>**ORDER ON DISCOVERY DISPUTE** |

On July 10, 2020, counsel for the Parties jointly notified this Court's Chambers of a discovery dispute pursuant to Civil Chambers Rule IV(B). The facts of the dispute are not at issue. Defendants noticed Plaintiff's deposition for July 10, 2020 and sought to depose Plaintiff via video conference in light of the ongoing COVID-19 pandemic. Although he did not object to appearing for deposition, Plaintiff objected to appearing for his deposition via video conference. Plaintiff asserts he timely served his objections to the deposition notice; Defendants do not dispute the assertion. On July 10, 2020, Plaintiff did not appear for his deposition via video conference or otherwise, thus prompting Defendants to raise the instant dispute. For the below reasons, the Court ORDERS Plaintiff to appear for deposition via video conference within the next five (5) court days.

On March 17, 2020, the Chief Judge of the Southern District Court of California issued Chief Judge Order No. 18, declaring a judicial emergency pursuant to 18 U.S.C. §

Case 3:19-cv-01703-JM-WVG   Document 18   Filed 07/10/20   PageID.113   Page 2 of 3

3174 given the rise of the COVID-19 pandemic. In doing so, the Chief Judge suspended personal appearances in all civil matters for a period of 30 days. To that end, the Chief Judge authorized the use of alternative means for participation in civil proceedings, encompassing telephonic and video-based appearances. Since then, the Chief Judge has issued additional Orders extending Chief Judge Order No. 18 in 30-day increments. The most recent order applicable to civil proceedings is Chief Judge Order No. 30, which issued on June 11, 2020. Notably, the Order expressly states it "is effective immediately and will remain in place until July 15, 2020 absent further order of the Court."

Consistent with Chief Judge Order No. 30 and this Court's authority to govern the course of discovery, the Court finds no merit to Plaintiff's refusal to appear for deposition via video conference, particularly amid an unabating public health emergency. Plaintiff's representation to this Court's Chambers that his counsel would risk legal malpractice if he were forced to defend his client via remote deposition is equal parts illogical and histrionic. Absent a personal emergency or an act of God, nothing prevents Plaintiff and his attorney from either: (1) participating in the deposition remotely from their own private rooms or (2) being in the same room together during deposition, provided Plaintiff and his attorney adhere to applicable public health guidelines, such as wearing a protective face mask and maintaining sufficient social distance. Under either scenario, Plaintiff's counsel could assert routine discovery objections during the remote deposition and speak with his client, opposing counsel, the court reporter, and any other necessary participants as if the deposition were being conducted in person with all parties present in the same room.

Plaintiff's counsel's secondary argument that being situated in the same room with his client for purposes of a remote deposition setting would force Plaintiff to incur additional and unnecessary costs also rings hollow. The Court fails to appreciate what *additional* expenses Plaintiff would incur in appearing for a remote deposition as opposed to an in-person deposition. In fact, it appears that out-of-pocket costs related to room reservations and travel alone would only decrease in the context of a remote deposition. For these reasons, the Court ORDERS Plaintiff to appear via video conference for his

2

19-CV-1703-JM-WVG

1  deposition within the next five (5) court days and, for that exclusive purpose, CONTINUES
2  the fact discovery cut-off from July 10, 2020 to July 17, 2020. No other discovery,
3  including, but not limited to, written discovery, subpoenas, or other depositions, shall be
4  taken during the noted time period.

**IT IS SO ORDERED**.

Dated:  July 10, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge